NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 17-3099

———————————

HAROLD J. DAGGETT, Individually and in his capacity as President of the
International Longshoremen's Association, AFL-CIO; DENNIS DAGGETT,
Individually and in his capacity as President of Local 1804-1, International
Longshoremen's Association, AFL-CIO; WM. BERNARD DUDLEY, Individually and
in his capacity as President of Local 1233, International Longshoremen's Association,
AFL-CIO; RICHARD SUAREZ, Individually and in his capacity as President of Local
1235, International Longshoremen's Association, AFL-CIO; JAMES MCNAMARA,
Individually and as the Public Relations Director of the International Longshoremen's
Association, AFL-CIO; and DAVID CICALESE, Individually and in his capacity as
President of Local 1, International Longshoremen's Association, AFL-CIO,

Appellants

v.

WATERFRONT COMMISSION OF NEW YORK HARBOR

———————————

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-16-cv-04314)
District Judge: Honorable Esther Salas

———————————

Submitted under Third Circuit LAR 34.1(a)
on October 1, 2018

Before: SHWARTZ, ROTH and FISHER, <u>Circuit Judges</u>

(Opinion filed: May 30, 2019)

ROTH, Circuit Judge.

Plaintiffs appeal the District Court's grant of a motion to dismiss regarding subpoenas issued by defendants in connection with a 2016 work stoppage. We will affirm the District Court's dismissal of the complaint.

I

Plaintiffs are various leaders of the International Longshoremen's Association, AFL-CIO (ILA),[1] a union of maritime workers that negotiates a collective bargaining agreement on behalf of its members with the New York Shipping Association (NYSA). NYSA is an organization that represents businesses within the Port of New York and New Jersey. Defendant is the Waterfront Commission of New York Harbor, an entity created by the 1953 Waterfront Commission Compact established between New York and New Jersey and approved by Congress.

On the morning of January 29, 2016, a number of ILA-represented employees working on the New Jersey side of the Port stopped working for an unspecified reason. The work stoppage did not take place at every marine terminal; some workers continued to work. In response to the stoppage and in conjunction with the collective bargaining

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] As this appeal comes to us at the motion to dismiss stage, we take the well-pleaded allegations in the complaint to be true. *Havens v. Mobex Network Servs., LLC*, 820 F.3d 80, 87 n.12 (3d Cir. 2016).

agreement between the ILA and the NYSA, an emergency arbitration was scheduled for the same afternoon. The arbitrator ruled that the work stoppage was in violation of the no-strike provision of the collective bargaining agreement. Following that ruling, the ILA urged its members to return to work. Despite this, both before and for several months after the arbitrator's decision, the Commission issued subpoenas to rank-and-file ILA members to determine who ordered the walkout and why.

Plaintiffs filed suit in the Superior Court of New Jersey, and defendant removed the case to the District Court of New Jersey, arguing that the subpoenas infringe on employees' right to engage in concerted activities under Section 7 of the National Labor Relations Act as well as the Compact[2] (Count I) and on employees' right to strike under the Compact (Count II).[3] Defendants filed a motion to dismiss under Rule 12(b)(6), and the District Court granted the motion in full, dismissing the case without prejudice. Plaintiffs elected to stand on their dismissed complaint, and the District Court issued a final order of judgment. Plaintiffs now appeal.

---

[2] The relevant portion of the Compact, Section XV(1), is codified under New Jersey law at N.J.S.A. § 32:23-68. For purposes of this opinion, citations to New Jersey's statutes refer to statutory text published before changes made by the New Jersey legislature in January 2018. *See* 2017 N.J. Sess. Law Serv. Ch. 324 (West 2018). The bill enacting these changes, New Jersey Senate Bill No. 3502, which sought to withdraw New Jersey from the Waterfront Compact, was invalidated on May 29, 2019. *Waterfront Comm'n of N.Y. Harbor v. Murphy*, No. 18-650, 2019 WL 2281574, at *9 (D.N.J. May 29, 2019).

[3] The complaint also contained a third count that claimed the subpoenas violated the New Jersey Constitution, but plaintiffs have not raised this issue on appeal.

II[4]

On appeal, plaintiffs make four arguments to reinstate Count I and one to reinstate Count II. None of them has merit.

Plaintiffs first argue that the District Court improperly deferred to the arbitrator's ruling without developing its own factual record. But the District Court did not "defer" to the arbitrator's ruling; it simply had nothing else to rely on. The cases that plaintiffs cite regarding deferral are exclusively NLRB actions where an ALJ had chosen to defer or not defer to an arbitrator, and therefore have no bearing here.[5] In this case, plaintiffs failed to plead anything about the arbitration decision other than its occurrence and its primary rationale. Even in their opposition to the motion to dismiss, plaintiffs did not indicate that the arbitration decision was contrary to any other facts relevant to the case. Rather, the complaint notes that "[n]either NYSA nor the ILA initiated any charges at the National Labor Relations Board . . . arising out of the work stoppage or the arbitration award; nor has any party brought any action in federal or state court arising out of the

---

[4] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331 because the Waterfront Commission Compact, by virtue of its approval by Congress in 1953, constitutes federal law for subject-matter jurisdiction purposes. *Waterfront Comm'n of N.Y. Harbor v. Elizabeth-Newark Shipping, Inc.*, 164 F.3d 177, 180 (3d Cir. 1998). We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise "plenary review of a motion to dismiss pursuant to Rule 12(b)(6)." *Encompass Ins. Co. v. Stone Mansion Restaurant Inc.*, 902 F.3d 147, 151 (3d Cir. 2018).

[5] *E.g.*, *NLRB v. Yellow Freight Sys., Inc.*, 930 F.2d 316, 322 (3d Cir. 1991) ("We have explicitly recognized the importance of *the Board's* condition that deferral depends on the arbitrator's consideration of the statutory issue." (emphasis added)); *NLRB v. Gen. Warehouse Corp.*, 643 F.2d 965 (3d Cir. 1981) (enforcement petition brought by NLRB after ALJ hearing); *Verizon New England, Inc.*, 362 N.L.R.B. 222 (2015) (NLRB panel review of ALJ decision).

work stoppage or the arbitration award."[6]  The District Court therefore had no indication that plaintiffs had any objection to the arbitration ruling.  As a result, the District Court's use of the arbitration award as a fact supporting dismissal was not in error.[7]

Plaintiffs also claim that the Commission condoned the stoppage when it allowed the striking workers to return to work without repercussions.  We need not reach this question because the question was not raised below by plaintiffs and is thus waived.[8]

Next, plaintiffs argue that unauthorized strikes are only unprotected under the NLRA when the strike is meant to usurp the union's role as bargaining representative, citing *Food Fair Stores, Inc. v. NLRB*.[9]  But this characterization reverses our analysis in *Food Fair*, which noted that while "in some situations unauthorized activity by employees might enhance the authority of the union and aid the collective bargaining process," only unusual cases would result in unauthorized activity being protected.[10]  Plaintiffs urge, in the absence of any allegation of the purpose of the strike, to find that the strike falls within this limited exception.  Although reasonable inferences are to be drawn in their favor at the pleading stage,[11] plaintiffs have not alleged sufficient facts to

---

[6] App. 48–49 ¶ 27.

[7] To the extent that plaintiffs contest the arbitration award indirectly for the first time on appeal, that argument is waived, as the Commission put the arbitration award at issue in its motion to dismiss and plaintiffs failed to address it in their opposition brief. *VICI Racing, LLC v. T-Mobile USA, Inc.*, 763 F.3d 273, 288 (3d Cir. 2014).

[8] *Id.* at 288 ("It is axiomatic that arguments asserted for the first time on appeal are deemed to be waived and consequently are not susceptible to review in this court absent exceptional circumstances." (quoting *Tri-M Grp., LLC v. Sharp*, 638 F.3d 406, 416 (3d Cir. 2011))).

[9] 491 F.2d 388 (3d Cir. 1974).

[10] 491 F.2d at 394–95 & n.6.

[11] *Vorchheimer v. Philadelphian Owners Ass'n*, 903 F.3d 100, 105 (3d Cir. 2018).

make that reading plausible. We therefore will not reverse the District Court's ruling on this ground.[12]

Finally, plaintiffs object to the District Court's holding that an investigation under the Compact has to be "futile" in order to be actionable, instead advocating for an inquiry into whether the subpoenas were unrelated to the objectives of the Compact and limited the workers' right to strike in any way. Plaintiffs rely on a Supreme Court case about a concerted partial strike to support this theory, which they argue overruled the precedent relied on by the District Court.[13] In doing so, they extend the Supreme Court's logic too far, attempting to apply a holding striking down "state regulation of partial strike activities"[14] to this case, in which a total strike occurred. In the absence of any other authority, plaintiffs' argument must fail.

As to Count II, plaintiffs contend that the Commission's issuance of subpoenas and characterization of the strike as "illegal" limits employees' right to strike and chills future strikes. They quote the Compact directly, which states that "nothing contained in

---

[12] Even if we were to credit plaintiffs' argument on this point, we determined above that the District Court did not err by relying on the arbitrator's finding of a violation of the no-strike provision. That is independently sufficient to affirm the District Court here, as strikes in violation of a no-strike provision are clearly unprotected. *Food Fair*, 491 F.2d at 393, 395.

[13] *Lodge 76, Int'l Ass'n of Machinists & Aerospace Workers v. Wis. Emp't Relations Comm'n*, 427 U.S. 132 (1976). Partial strikes differ from total strikes in that they constitute a "concerted refusal by employees to do only part of their assigned tasks." Comment, *The Partial Strike*, 21 U. Chi. L. Rev. 765, 765 (1954). Unlike in *Machinists*, where the employees refused to work a longer workweek than their expiring collective bargaining agreement required, 427 U.S. at 134, the stoppage here was a full stoppage and thus not a partial strike.

[14] *Machinists*, 427 U.S. at 151.

this compact shall be construed to limit in any way the right of employees to strike,"[15] and argue that less intrusive activity has been held to create a chilling effect. The District Court relied on language from this Court stating that this provision "is not absolute" and that "collective bargaining rights cannot supersede 'the Commission's supervisory role regarding practices that might lead to corruption.'"[16] We agree. Indeed, plaintiffs' reading of the Compact language ignores the fact that a no-strike provision in the collective bargaining agreement is not itself subject to the Compact provision, as it is not "contained in this compact." Accordingly, based on the facts pled in the complaint, it is not plausible that the language in the Compact gives rise to a claim for relief.

Plaintiffs' claims, with additional facts regarding the no-strike provision or the emergency arbitration, might surpass the plausibility threshold under Rule 12(b)(6). But since plaintiffs chose to stand on their complaint rather than amend it, reasonable inferences can only take us so far in filling in the gaps in the complaint. Therefore, we reject plaintiffs' invitation to reinstate their claims under the NLRA and the Compact.

III

For the above reasons, we will affirm the judgment of the District Court.

---

[15] N.J.S.A. § 32:23-68.

[16] *N.Y. Shipping Ass'n v. Waterfront Comm'n of N.Y. Harbor*, 835 F.3d 344, 357 (3d Cir. 2016) (quoting *Waterfront Comm'n of N.Y. Harbor v. Sea Land Serv., Inc.*, 764 F.2d 961, 966-67 (3d Cir. 1985).